**COASTAL BEND SAVINGS AND LOAN ASSOCIATION et al., Appellants,**

v.

**W. Sale LEWIS, Savings and Loan Commissioner of Texas, et al., Appellees.**

**No. 12704.**

Court of Civil Appeals of Texas, Austin.

Feb. 22, 1978.

Rehearing Denied March 15, 1978.

Conrad Werkenthin, Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellants.

John L. Hill, Atty. Gen., Thomas Rutledge, Asst. Atty. Gen., for Savings and Loan Commissioner of Texas.

Dudley D. McCalla, Heath, Davis & McCalla, Austin, for South Texas Savings Ass'n.

O'QUINN, Justice.

Appellants instituted this suit in district court of Travis County seeking to set aside an order of the Savings and Loan Commissioner granting application of South Texas Savings Association of Victoria to establish a branch office in Port Lavaca. South Texas Savings intervened and is allied with the Commissioner on appeal.[1]

The trial court affirmed the order of the Commissioner, and appellants bring three points of error on appeal. We will overrule the points of error and affirm judgment of the trial court approving the order.

■ Under their three points of error, appellants contend that there is a lack of substantial evidence to support the Commissioner's affirmative findings on the three primary standards an applicant is required to qualify under for approval by the Commissioner of a branch office. It is essential that substantial evidence establish a public need for the branch office, probability of profitable operation of the proposed branch, and that undue harm to an existing association will not result from grant of the application.

Appellants do not contend that the Commissioner's order does not contain a concise and explicit statement of underlying facts supporting the three basic findings, nor do they contend that any of the underlying facts supporting these ultimate findings are erroneous in any respect. Briefly stated, appellants urge that " . . . the record considered in its entirely, as it must be, conclusively demonstrates that the findings made by the Commissioners here are arbitrary and not supported by substantial evidence."

The main thrust of appellants' attack on the order is mounted from the hypothesis that Calhoun County, and the City of Port Lavaca in particular, are in a state of declining economy, unable to sustain an additional savings and loan office. The attack draws its fire power principally from the arsenal of Dr. George Berry's testimony, an expert witness in behalf of protesting Coastal Bend Savings, the only savings and loan association now located in Calhoun County.

1. Appellants are Coastal Bend Savings and Loan Association, The First National Bank in Port Lavaca, First State Bank and Trust Company of Port Lavaca, and Seaport Bank of Seadrift, all located in Calhoun County; appellees are the Savings and Loan Commissioner and South Texas Savings Association, the latter situated in Victoria County.

Appellants rely, for example, on estimated declines in population of both Calhoun County and Port Lavaca from 1970 to 1973 as important in a showing of economic decline. From a population of 17,831 in 1970, Calhoun County declined to an estimated population of 17,750 in 1973, an estimated loss of 81. From 10,491 in 1970, Port Lavaca's population slipped to an estimated 10,488 in 1973, an estimated loss of 3.

Appellants appear to find no substantial evidence in figures showing that prior to 1970 the populations of Calhoun County and of Port Lavaca almost doubled between 1950 and 1970, with the county growing from 9,222 to 17,831 and Port Lavaca from 5,599 to 10,491.

In much the same manner, appellants argue from evidence in the record, which if standing alone, might have supported a decision by the Commissioner to deny the application for a branch office. The duty of the Court is to review the record as a whole in determining whether the order of the Commissioner is supported by substantial evidence. In a hearing before the Commissioner many phases of business conditions within the proposed trade community become matters of importance to the ultimate decision as to whether an application should be granted. These factors include building permits, loan and savings activities, growth or lack of growth of existing associations and banks, and other matters related to the economic health of the community.

The Commissioner noted in the order that although " . . . the evidence reflects a decline in new dwelling units permitted in Port Lavaca in 1974 . . . total urban permits remain strong . . . and the record reflects additional residential construction outside of urban areas." The record shows that South Texas Savings, applicant for the branch office, had been lending in Calhoun County for more than twenty years, and at the time of the hearing in October of 1975 held 186 *savings* accounts from Calhoun County in the total amount of $981,000. In addition, the applicant held 141 first mortgage *loans,* including commer-cial loans, in the county with outstanding balances in the total sum of $1,692,723.

Although the applicant had drawn business from Calhoun County, as noted immediately above, we find in the record that the existing association, Coastal Bend Savings, increased its savings accounts in excess of $600,000 in the period of nine months prior to the hearing, whereas its largest previous increase for an entire year had been approximately $190,000, or less than one-third the increase experienced the first nine months of 1975.

■ We have carefully reviewed the entire record, and find in the record abundant substantial evidence in support of the Commissioner's grant of the application for a branch office. We deem it unnecessary to recount all the evidence offsetting appellants' claims of declining economy in the community, but two such matters are worthy of notice, as stated in the Commissioner's order.

After noting that "Gross sales of reporting units in Calhoun County have fluctuated from 1970 to 1974, and declined from $79,629,000 in 1973 to $65,484,000 in 1974," the Commissioner stated, "Whatever the cause of these fluctuations, the condition of the financial institutions in the community indicate healthy and continued growth. Bank debits for Port Lavaca have increased from $292,722,000 in 1972, to $286,875,000 in 1973 and to $356,181,000 in 1974; on an annualized basis bank debits for 1975 would amount to $412,390,000."

With respect to savings, the Commissioner found that "Savings and time deposits of individuals, partnerships and corporations increased by more than $10,000,000 in Calhoun County banks from June of 1972 to June of 1975 . . . Such deposits amounted to 52.6% of total deposits in Calhoun County banks in 1974 as compared to 40.8% for banks in the State of Texas at the same period of time."

After reviewing evidence showing that Coastal Bend Savings, the existing savings and loan association in Calhoun County, held approximately *nine* percent of the "ef-

fective buying income of Calhoun County," compared to the state and national history of *twenty* percent held by savings and loan associations, and other evidence that the *banks* in the county were above the state average in time and savings deposits, the Commissioner found "there is a public need for a competing, alternative savings and loan facility in Calhoun County."

The Commissioner found " . . . there exists a public need for the approval and operation of this branch office, that there exists a sufficient volume of business in the community to indicate a profitable operation within a reasonable period of time, and that the approval and operation of this branch would not cause any undue harm to any association."

The findings and conclusions of the Commissioner were approved by the trial court. The judgment of the trial court is affirmed.